IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SERGIO MIGUEL ZAMBRANO, | Case No. 2:22-cv-00443-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Sergio Miguel Zambrano ("Zambrano"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC") at Eastern Oregon Correctional Institution ("EOCI"), filed this civil rights action against ODOC, Oregon Corrections Enterprises ("OCE"), and several ODOC and OCE officials (together, "Defendants"). Now before the Court is Zambrano's motion for leave to file a fourth amended complaint.

## DISCUSSION

On August 13, 2024, Zambrano filed his 944-page third amended complaint. (*See* Third Am. Compl. ("TAC"), ECF No. 155.) On October 11, 2024, Zambrano filed a motion for preliminary injunction relating to his claims in the TAC. (*See* Mot. Prelim. Inj., ECF No. 159.)

PAGE 1 – OPINION AND ORDER

On November 19, 2024, Defendants moved to dismiss Zambrano's TAC. (*See* Defs.' Mot. Dismiss, ECF No. 170.) On May 15, 2025, Zambrano filed an additional request for temporary injunctive relief. (*See* Pl.'s Req. Temporary Inj., ECF No. 224.) Following several extensions, Zambrano responded to Defendants' motion to dismiss on July 7, 2025 (ECF No. 231), but simultaneously filed a motion for leave to file a fourth amended complaint. (*See* Fourth Mot. Leave Am. 1983 Pet., ECF No. 232.)

Consistent with authority governing motions for leave to amend, and in the interest of judicial economy, the Court grants Zambrano's motion for leave to file a fourth amended complaint. *See Jensen v. Brown*, 131 F.4th 677, 701 (9th Cir. 2025) ("Generally, a 'court should freely give leave [to amend the pleadings] when justice so requires.'" (quoting FED. R. CIV. P. 15(a))). "This policy is to be applied with extreme liberality." *Id.* (simplified).

The Court again advises Zambrano that any further complaints **must** comply with Federal Rule of Civil Procedure ("Rule") 8.[1] Specifically, "Rule 8 requires a 'short and plain' statement of a claim." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (quoting FED. R. CIV. P. 8(a)). The Court advises Zambrano that his fourth amended complaint will operate as a complete substitute for the present complaint, not as a supplement, and that if Zambrano fails to comply with Rule 8, the Court will dismiss the complaint. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b).") (collecting cases); *see also Lindblad v. Bolanos*, No. 22-16200, 2023 WL 8047762, at *1 (9th Cir. Nov. 21, 2023) (affirming dismissal of a 95-page complaint for failure to comply with Rule 8); *Hatch*, 758 F.2d at 415

---

[1] The Court previously discussed Rule 8 requirements with Zambrano at a February 10, 2025, telephonic status conference. (ECF No. 189.)

("The district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8.").

## CONCLUSION

For the reasons stated, the Court GRANTS Zambrano's motion for leave to file a fourth amended complaint (ECF No. 232) and DENIES AS MOOT Defendants' motion to dismiss (ECF No. 170) and related motions for joinder (ECF Nos. 202, 212). Zambrano's fourth amended complaint is due by August 18, 2025.

**IT IS SO ORDERED.**

DATED this 18th day of July, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 3 – OPINION AND ORDER